**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GERALD MARTIN,

          Plaintiff - Appellant,

    v.

PACIFIC PARKING SYSTEMS INC and
CITY OF LAGUNA BEACH,

          Defendants - Appellees.

No. 12-56654

D.C. No. 8:11-cv-01190-CJC-AN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted May 16, 2014
Pasadena, California

Before: PREGERSON and NGUYEN, Circuit Judges, and TIGAR, District
Judge.[**]

    Plaintiff Gerald Martin appeals from the district court's order denying his

motion for class certification. <u>Rowden v. Pac. Parking Sys., Inc.</u>, 282 F.R.D. 581,

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Jon S. Tigar, District Judge for the U.S. District Court
for the Northern District of California, sitting by designation.

585 (C.D. Cal. 2012).[1] The district court denied the motion, in part, because the proposed class was not ascertainable. Id. We hold that the district court did not abuse its discretion in this respect and affirm.

At oral argument on appeal, Martin's counsel stated that, since the class definition refers to a "person's" card, the proposed class excludes all individuals who used a business credit card to purchase parking.[2] The district court had found, based on factual evidence specific to this case, that "many" of the hundreds of thousands of individuals who used the parking lots did so on business. Id. at 586 n.5.

Furthermore, the district court had concluded that the proposed class was not ascertainable because there was no reasonably efficient way to determine which of the hundreds of thousands of individuals who used the parking lots "used a personal credit or debit card, rather than a business or corporate card," to purchase parking. Id. at 585; see, e.g., Pierce v. County of Orange, 526 F.3d 1190, 1200 (9th Cir. 2008) (concluding that the district court did not abuse its discretion in

---

[1] Eric Rowden, the first named plaintiff in the case below, did not join in this appeal.
[2] Consequently, we do not reach the question whether these individuals – i.e., those who use business credit cards – can recover under the relevant provision of the Fair and Accurate Credit Reporting Act of 2003 ("FACTA"), Pub. L. 108-159, 117 Stat. 1952. See Rowden, 282 F.R.D. at 585.

2

decertifying a damages class because "Rule 23(b)(3) would not offer a superior method for fair and efficient adjudication in light of expected difficulties identifying class members"). Because Martin has not demonstrated that it would be administratively feasible to determine which individuals used personal, and not business, credit cards to purchase parking, Rowden, 282 F.R.D. at 585-86, the district court did not abuse its discretion in concluding that the proposed class was not ascertainable.

Moreover, it appears from the record that there is no administratively feasible manner to determine another central criterion of class membership: whether individuals actually received parking permits with expiration dates printed on them. Martin presented little persuasive, admissible evidence that all of the machines at issue in this case printed expiration dates uniformly from 2008 to 2011, and few potential class members are likely to have kept their up to four-year-old permits. To prove class membership, individuals also would have to demonstrate that they did not suffer identity theft from Defendants' actions. Most importantly, Martin has pointed this court to no place in the record where he proposed even a general plan to the district court for making these determinations, beyond suggesting that individuals self-identify themselves as members of the

3

class.[3]

Given these difficulties identifying the members of the proposed class, and the fact that Martin proposed no plan to the district court for manageably determining which individuals are members, we conclude that the court did not abuse its discretion in denying class certification. We do not address, and express no opinion regarding, the other reasons on which the district court based its denial. Id. at 586-87.

AFFIRMED.

---

[3] Self-identification may suffice for some settlement-only classes. But those classes need not satisfy Rule 23(b)(3)(D)'s "manageability" requirement. "Confronted with a request for settlement-only class certification a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620 (1997).